UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 26, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Kelvin R. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
       Civil No. 23-2532-CDA

Dear Counsel:

On September 18, 2023, Plaintiff Kelvin R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 9, 10). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on March 8, 2019, alleging a disability onset of November 22, 2018. Tr. 74-86. Plaintiff's claims were denied initially and on reconsideration. Tr. 47-72, 99-102. On December 29, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 13-46. Following the hearing, on February 3, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 58-78. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.   **THE ALJ'S DECISION**

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on September 18, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Kelvin R. v. O'Malley*
Civil No. 23-2532-CDA
August 26, 2024
Page 2

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since November 22, 2018[.]" Tr. 108. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Alcohol and THC Abuse, Bipolar Disorder, Depressive Disorder, Anxiety Disorder, Posttraumatic Stress Disorder, and Obesity[.]" Tr. 109. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 109. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following non[-]exertional limitations: The claimant is limited to no more than occasional climbing, balancing, stooping, kneeling, and crouching, and is precluded from crawling. The claimant is limited to performing simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements, one that involves only simple work-related decisions with few if any changes in the workplace, and no more than occasional interpersonal interaction with members of the general public, coworkers, and supervisors.

Tr. 111. The ALJ determined that Plaintiff could not perform past relevant work as a Hospital Food Service Worker (DOT[3] #319.677-014), Stock Clerk (DOT #222.387-058), and a Material Handler (DOT #929.687-030); but could perform other jobs that existed in significant numbers in the national economy. Tr. 116. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 118.

### III.    **LEGAL STANDARD**

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff asserts that the ALJ erroneously assessed the Plaintiff's RFC by failing to (1) provide an explanation that Plaintiff "could perform simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements[;]" (2) provide an explanation as to how they determined that Plaintiff could maintain concentration, persistence, or pace ("CPP") for 90 percent of the workday; (3) set forth a narrative discussion citing specific evidence that explained how they supported each conclusion; and (4) perform a proper function-by-function analysis. ECF 9, at 3-16. Second, Plaintiff contends that the ALJ "erroneously evaluated the Plaintiff's subjective complaints." ECF 9, at 16. Defendant counters that substantial evidence supports the ALJ's RFC assessment and the ALJ's narrative discussion is sufficient to permit meaningful review. ECF 10, at 12. Additionally, Defendant contends that the ALJ properly considered Plaintiff's subjective complaints. ECF 10, at 19.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The Court agrees that the ALJ committed reversible error by failing to explain how, despite Plaintiff's moderate limitations in CPP, he could stay on task for 90 percent of the workday. *See McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600-03 (D. Md. 2016). In *McLaughlin*, an ALJ found that a claimant had moderate CPP limitations, and a vocational expert testified that "[a] person 'off task' more than 15% of the workday . . . could not perform any work." *Id.* at 596-97. The ALJ did not address whether the claimant's CPP limitations would cause her to be off-task for longer than the period deemed work-preclusive by the vocational expert. *See id.* at 602. The Court found that the ALJ adequately accommodated the claimant's CPP limitations in the RFC assessment by providing her with "a few extra minutes of supervision at times of task change[.]" *Id.* But, because

it is "reasonable to assume" that moderate CPP limitations "translate into a decrease in productivity," the Court held that the ALJ erred by failing to explain how the claimant "could remain productive for at least 85% of the workday" in light of her CPP limitations and the vocational expert's testimony. *Id.* Because the ALJ did not provide this explanation, the Court remanded the case for lack of substantial evidence. *Id.* at 603.

Here, the ALJ determined that Plaintiff had moderate CPP limitations, and the vocational expert determined that a hypothetical employer would not "toler[ate]" an employee's time off-task if it exceeded 10 percent of the workday. Tr. 44. But, like the ALJ in *McLaughlin*, the ALJ here did not expressly address Plaintiff's ability to remain on-task despite her CPP limitations. Consequently, the ALJ's decision lacks "an accurate and logical bridge from the evidence to [the ALJ's] conclusion[s]," and "remand is appropriate[.]" *McLaughlin*, 200 F. Supp. 3d at 602-03.

Remand is also warranted in light of the Fourth Circuit's instruction that, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to analyze that function is appropriate. *Dowling v. Comm'r, Soc. Sec. Admin*, 986 F.3d 377, 389 (4th Cir. 2021). Here, given the vocational expert's testimony, a finding regarding the amount of time that Plaintiff must spend off task may preclude work at step five. Despite the relevance of time off task to this case's outcome, the ALJ failed to assess the issue, leaving the Court unable to conclude that the ALJ's step-five findings are premised on a proper RFC assessment. Therefore, remand is warranted. On remand, the ALJ must either: (1) "articulate why" Plaintiff is able to "remain productive" for 90 percent of the workday given her CPP limitations or (2) explain why those limitations "would not significantly impact" Plaintiff's productivity. *McLaughlin*, 200 F. Supp. 3d at 602-03.

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion on the ALJ's conclusion regarding Plaintiff's entitlement to benefits.

## V. **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

 Sincerely,

 /s/

 Charles D. Austin
 United States Magistrate Judge